IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRICIA GASKINS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-1482 |
| | § | |
| SPLENDORA 2090 OPERATING, | § | |
| LLC, d/b/a/ POP IN #1, | § | |
|     Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Tricia Gaskins ("Plaintiff"), by Defendant Splendora 2090 Operating, LLC, d/b/a Pop In #1.

**Parties**

1. Plaintiff Tricia Gaskins ("Gaskins"), a current employee of Defendant, is personally engaged in interstate commerce during her employment with the Defendant, and is represented by the undersigned.

2. Defendant Splendora 2090 Operating, LLC, d/b/a Pop In #1 ("Splendora") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff, Splendora is subject to the provisions of the FLSA. Splendora was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Splendora may be served through its registered agent, Faizan Momin at 6003 Stone Trail, Spring, TX 77379, or wherever he may be found.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to

28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

4. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

5. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §213(r) and 203(s).

6. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and her work was essential to Defendant's business.

7. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

8. During each of the three years prior to this complaint being filed, Defendant's employees used and/or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

9. Plaintiff Tricia Gaskins has worked for Defendant as a cashier from July of 2017 to the present time. Gaskins's duties included, but were not limited to, opening the store on a daily basis, stocking shelves and cigarettes, cleaning the restrooms, making deposits and inputting information into the computer.

10. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is and was not an "exempt" employee.

11. Defendant did not make a good faith effort to comply with the overtime

provisions contained within the FLSA.

12. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Plaintiff's Individual Allegations

13. As a non-exempt employee, Plaintiff was entitled to be paid her regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiff the required overtime premium in nearly every workweek that the Plaintiff was employed by Defendant, as the Plaintiff worked in excess of 40 hours in almost every week she worked for the Defendant. Plaintiff was paid on an hourly basis, but was not paid premium pay for hours worked over 40.

14. No exemption excuses the Defendant from paying Plaintiff for all time spent and work performed during the hours she worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

15. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendant.

16. Plaintiff has suffered damages as a direct result of Defendant's illegal actions.

17. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**Demand for Jury**

18.     Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff demands:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2. An equal amount to the overtime wage damages as liquidated damages;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF TRICIA GASKINS**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
SD.Tex.No. 11554
tpadgett@buenkerlaw.com
Vijay Pattisapu
TBA No. 24083633

S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
TRICIA GASKINS**